## SUPREME COURT.

WILLIAMS, Assignee, respondent, agt. ALLEN *et al.*, appellants.

*Character of action determined by complaint — referable actions.*

Where an answer sets up a counter-claim and claims damages by way of recoupment, it does not change the character of the action in the complaint founded on contract, nor render the action non-referable.

One item of account made up of a large number of small charges which would require to be proved on the trial is sufficient ground of reference.

*New York General Term, October,* 1874.

APPEAL by defendants from an order of reference.

*Coles Morris & Michael H. Cardozo,* for appellants.

*Culver & Bertrand,* for respondent.

LAWRENCE, *J.* — I think that the order of reference in this case should be affirmed. In *Welsh* agt. *Darragh* (52 *N. Y.,* 590), it was held that the character of an action must be determined by the complaint, and that if that is upon contract the action is referable; and although the answer sets up a counter-claim and claims damages by way of recoupment, it does not change the character of the action, or render it non-referable.

It is quite apparent that the trial of this action may, and that it probably will, involve the examination of a long account (52 *N. Y.,* 590, *supra*).

It is true that the defendants state, in the affidavit read in opposition to the motion, that the only items which will be

Williams agt. Allen.

disputed by the defendants are the items on the debit side of the account, under the date of March 4, 1873, relating to the gold coupons part due, and the premium thereon, and also for the amount overcharged for advertising bill, estimated at $1,508.

This last item of $1,500 is the aggregate of bills of amounts alleged to have been disbursed by the defendants for advertising, under the agreement between them and the plaintiff's assignor (*Case, p.* 17, *fol.* 51). The examination of these bills must require the scrutiny of a large number of small charges, and the verification of the same. Under these circumstances, I am not disposed to interfere with the order of the special term.

It must be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.